UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

v.                                                     11-30019-MAP

JAMES WADDELL


**DEFENDANT'S SENTENCING MEMORANDUM**

**Introduction**

    Defendant James Waddell, through counsel, respectfully submits this Sentencing Memorandum in connection with his sentencing by this Court on February 28, 2013. Mr. Waddell has entered into a Rule 11(c)(1)(C) plea agreement that calls for a sentence of five years. The defendant requests the Court not to exceed the agreed upon period of confinement, although the advisory guidelines require more.  The nature and circumstances of the instant offense and the history and characteristics of the defendant warrant a 60 month sentence which is sufficient in that it satisfies the statutory requirement that it provides a sentence "sufficient, but not greater than necessary, to comply" with the purposes of sentencing. 18 U.S.C. §3553(a)(2).

    Over the years he has shown a persistence, overcoming the criminal history of his late teens and early twenties to become a responsible citizen in nearly all respects and, up to his date of arrest, working steadily to support himself and assist his mother.  He is remorseful about the offense.  He has, as well, the good fortune of having a family and fiancé that continues to support him.  Based on this situation there should be no concern that Mr. Waddell will recidivate.  He has been significantly punished already,

1

incarcerated on this charge since June 28, 2011, having forfeited a semester's worth of work and tuition, and more importantly, his inability to assist his mother who struggles from serious medical conditions. In addition the stigma that he will carry through life based on these charges, the detrimental effect it will have as he seeks employment and schooling, will punish Mr. Waddell for the rest of his life. He appears to pose little risk to anyone and seems likely to have a reduced risk of recidivism.

Given these circumstances, a sentence pursuant to the Plea Agreement of 60 months and less than the sentence recommended by the United States Sentencing Guidelines (135 to 168 months), would be "sufficient, but not greater than necessary," to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2).

Although the advisory guidelines must be considered, the First Circuit has indicated that a sentencing judge should consider other factors that make a sentence outside of the guideline range appropriate. Those factors are enumerated at 18 U.S.C. §3553(a). *U.S. v Jiminez-Beltre,* 440 F.3d 514, 518-19 (1st Cir. 2006)(en banc).

**The Advisory Guidelines**

Mr. Waddell pleaded guilty before Your Honor on November 14, 2012, to one count (Count 17) charged in the Indictment. Count 17 charged Inducing Travel to Engage in Illegal Sexual Conduct in violation of Title 18 U.S.C. §2422(a).

The advisory guidelines outlined in the presentence report ("PSR"), result in Level 30, CHC IV, range 135-168 months. As the Court was made aware at the Rule 11 Hearing there is a plea agreement in this case, pursuant to Rule 11(c)(1)(C), and the defendant urges the Court find there are valid reasons and grounds to depart from the guideline range. The parties agree the sentence to be imposed is 60 months, a sentence

consistent with the requirements imposed in U.S.C. §3553(a)(2) and by the Supreme Court. The Supreme Court now requires that in addition to considering the final advisory guideline calculation, the sentencing court must consider the statutory sentencing factors at 18 U.S.C. §3553(a) among which are (a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant. *United States v Booker,* 125 S.Ct. 738 (2005

**Nature and Circumstances of the Offense**

Mr. Waddell fully appreciates the harm his conduct has caused and is remorseful. His remorse is genuine, evidenced by his accepting responsibility for his conduct and pleading guilty before this Court.

Defendant engaged in a completely consensual relationship only made illegal by the girl's ("Minor A") age. Minor A had the sophistication to portray herself as being 18 and had a fake college ID to show Mr. Waddell, and her willingness to continue communicating and meeting with him played a part in this tragic case and tragic consequences for all parties. What is clear about this offense is that there is no evidence that Waddell has ever attempted to contact a child for any illicit purpose. He at all times thought he was communicating with, and then meeting with an 18 year old, then 19 year old college student.

It is his earnest wish at this point in the process to take his punishment and get on with his life.

**History and Characteristics of James Waddell**

Mr. Wadell is now a 36-year old man. As can be seen from the Presentence Report, he has worked steadily since 1997. (PSR ¶ 70-72) Prior to his arrest he was

employed as a maintenance worker at PitchCo in Montrose, IL, a job he held until a back injury made it impossible to continue. He has done one kind of work or another despite a back injury that has resulted in spinal surgery. (PSR ¶ 66) He suffers significant pain and regularly takes two prescription medications: Naproxen and Flexeril. (PSR ¶ 66) Despite great pain he continued to support himself working in the food industry. His life has been characterized by hard work and support and assistance to his mother, who lived close by.

In working regularly and supporting himself, and future plans to support his fiancé, (financially, emotionally and otherwise), Mr. Waddell seems to have overcame what was a notably bad start. At age 19 he committed a burglary offense and, eventually, at age 19 was sentenced to a five-year prison sentence, serving a six month prison camp sentence. (PSR ¶ 43). At age 23 he committed an attempted robbery offense, again receiving a 5-year sentence, and released after having served 16 months. (PSR ¶ 44). At age 29 Mr. Waddell plead guilty to theft, which involved the use of a credit card found in a store, where $ 154.25 of gas and other products were purchased. Probation and restitution were ordered in that instance. (PSR ¶ 46)

Mr. Waddell, however, comes before the Court as an individual with a long and dependable work history (PSR ¶ 70-72), with no or minimal history of drug use (PSR ¶ 68), and as a motivated and talented man. At the time of his arrest he was studying software development at Westwood College, (an on-line college) having completed 27.5 credits in his chosen field. (PSR ¶ 69). Despite the instant offense, there is reason to be optimistic about Mr. Waddell's future.

It would also appear that Mr. Waddell is in the low risk group of men who have

been arrested for sexual offenses to reoffend, noting, Mr. Waddell's age, his participation in a stable relationship, (PSR ¶ 64), the absence of any evidence of diagnosable pedophilia, his gainful employment for many years, his skill and knowledge in software development, and the success of probation supervision all bode well for Mr. Waddell's future. The continued support of Ms. Edwards (PSR ¶ 64) certainly contributes, as well, to a reduced risk of recidivism.

**Application of § 3553(a) to Mr. Waddell's Case**

In Mr. Waddell's case, it is "the history and characteristics of the defendant" that justify a lesser sentence: his personal growth that has led him to overcome a poor start; his desire to work and support himself and Ms. Edwards; and his low risk of recidivism. His traits show he has the character and the will to lead a productive life.

Of the goals set out in 18 U.S.C. § 3553(a)(2), the Government and the Court are to consider the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrents to criminal conduct;" "to protect the public from further crimes of the defendant;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  Mr. Waddell recognizes that a significant sentence is in order.  Nonetheless, especially with the command that the sentence "be sufficient, but not greater than necessary," a sentence of 60 months would still meet the goal that the sentence reflect the seriousness of the offense.  Surely a sentence of five years is sufficient to discourage others who may commit the same crime.  In addition the need to protect the public from further crimes of the defendant is that which resonates most in favor of Mr. Waddell.

5

**Meeting the Purposes of this Sentence**

Congress delineated the goals of sentencing in 18 U.S.C. § 3553(a), and required courts to craft a criminal defendant's sentence in light of these policy directives. The overarching directive is the need to impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing. 18 U.S.C. § 3553(a). These purposes include the need to reflect on the seriousness of the offense, promote respect for the law, provide just punishment, create adequate deterrence, protect the public from future crimes of the defendant, and provide the defendant with necessary treatment and training. 18 U.S.C. § 3553(a). Waddell is fully aware that he cannot get a sentence less than five years.

Justice Stevens quoted the District Judge's conclusion in *Gall* that "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing" In *Gall,* as here, a harsher sentence than that proposed by the mandatory minimum would do nothing to promote respect for the law. On the other hand, a sentence that does not include further incarceration than required would promote a sense of a just punishment and hence respect for the law.

The proposed sentence also promotes adequate deterrence because it demonstrates that a defendant induces a minor to engage in illegal sexual conduct, even where there is evidence the minor passed herself as a college student, will be required to spend five years of his life in prison, will be living with a felony conviction, and be required to register as a sex offender. These consequences alone should deter others who might

consider the same conduct.

Under the circumstances in this case the sentencing guidelines are much more harsh than necessary to accomplish the goal of punishment, especially where no crimes of violence were committed.

With regard to protecting the public from further crimes, Waddell will be supervised by Probation. He is no threat to the public as there is no sign of aggression or violence in his nature. Mr. Waddell also hopes that this Court, in deciding to deviate downward from the sentencing guidelines, takes into consideration the fact that he has been held for 20 months, and has complied with all conditions imposed on him while housed at Wyatt Detention Center. He has always been cooperative with those monitoring his custody, despite suffering from a serious back condition that will necessitate surgery soon.

All things considered, Mr. Waddell is not a threat to society and stands ready to receive his punishment. He readily cooperated with investigators when first approached, and at this point, he can only look forward and plan for how he will restart his life after incarceration.

RESPECTFULLY SUBMITTED
THE DEFENDANT,

Dated: 2/27/13

By: /s/Bernard T. O'Connor, Jr
BERNARD T. O'CONNOR, JR.
His Attorney
1391 Main Street, Suite 1022
Springfield, MA 01103
Telephone (413) 781-5311
Telefax (413) 746-2707
BBO No. 557872

CERTIFICATE OF SERVICE

   I, Bernard T. O'Connor, Jr., Esq., hereby certify that on this 27th day of February, 2013, the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) if notified by the court and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the court of those individuals who will not be served electronically.

              /s/ Bernard T. O'Connor, Jr.
              BERNARD T. O'CONNOR, JR.